IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA SANCHEZ,

    Plaintiff,

vs.                                                                     No. 19-CV-01221 WJ/JFR

NM CORRECTIONS DEPARTMENT, and
(M.D.C.) METRO DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING FEDERAL CLAIMS AND REMANDING TO STATE COURT

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Complaint (Tort) filed by Plaintiff Joshua Sanchez in New Mexico state court and removed to this Court by the Defendant (M.D.C.) Metro Detention Center on December 31, 2019. (Doc. 1). The Court will dismiss all federal claims and remand Plaintiff's state law claims to state court.

### 1.    Factual and Procedural Background

Plaintiff Joshua Sanchez filed his Complaint (Tort) in the Second Judicial District Court, County of Bernalillo, State of New Mexico on November 14, 2019. (Doc. 1-2 at 1). The case was docketed as Second Judicial District cause no. D-202-CV-2019-08849. (Doc. 1-2 at 1). Defendant (M.D.C.) Metro Detention Center removed the action to this Court on December 31, 2019. (Doc. 1 at 1).

Plaintiff names, as Defendants, NM Corrections Department ("NMDOC") and (M.D.C.) Metro Detention Center ("MDC"). (Doc. 1-2 at 1). Plaintiff's Complaint alleges that, while a detainee at MDC, he was wrongfully transported to NMDOC prior to any determination of guilt.

When the mistake was discovered, he was transported back to MDC. During the transport, Plaintiff Sanchez claims he was in belly and leg chains. He experienced emotional distress and anxiety because he was forced to sit in close proximity to individuals who had already been convicted and was unable to move. As a consequence, Sanchez experienced pain and discomfort and soiled himself. (Doc. 1-2 at 2-3).

Plaintiff Sanchez states that his suit is authorized by the New Mexico Tort Claims Act. (Doc. 1-2 at 1). He describes the nature of the action as a suit for "Mental Anguish, Negligence, Punitive Damages, Monetary, Compensatory, (IIED) Intentional Infliction of Emotional Distress, Exemplary Damages, Deliberate Indifference." (Doc. 1-2 at 1). He asserts jurisdiction under the New Mexico Tort Claims Act and claims that "Defendants acted negligently in placing Plaintiff in unreasonably dangerous housing at MDC." (Doc. 1-2 at 1, 3). He makes reference to violation of his 8th Amendment and 14th Amendment rights and, in a concluding paragraph, he sets out the "Fourteenth Amendment Due Process Standard." (Doc. 1-2 at 3). His prayer for relief seeks "Annoyance $1,000.00, Mental Anguish $10,000.00, Anxiety $1,000.00, Compensatory $100,000, Exemplary Damages $100,000, Harassment $10,000.00, Monetary $500,000.00, Punitive Damages $1.5 mill." (Doc. 1-2 at 4).

Following removal to this Court, Defendant MDC filed an Opposed Motion to Dismiss for Failure to State a Claim on January 15, 2020. (Doc. 2). Plaintiff Sanchez filed an untimely Response to the Opposed Motion to Dismiss on February 28, 2020. (Doc. 4).

## 2. Standards for Failure to State a Claim

Plaintiff Sanchez is proceeding pro se on state law claims and civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C.

Case 2:19-cv-01221-WJ-JFR   Document 8   Filed 09/09/20   Page 3 of 7

§ 1915(A). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Twombly*, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

### 3. <u>Sanchez*'s* Complaint Fails to State a Federal Claim</u>

Sanchez's Complaint is filed on a New Mexico state form for claims under the New Mexico Tort Claims Act, N.M.Stat.Ann. § 41-4-1, *et seq*.  However, in his Complaint, makes generalized references to "deliberate indifference" and to the "Fourteenth Amendment Due Process Standard." (Doc. 1-2 at 1, 3). The Complaint does not expressly allege any causes action under 42 U.S.C. § 1983.  However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution.  *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510

U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Therefore, the Court construes Sanchez's deliberate indifference and Fourteenth Amendment allegations as claims brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Plaintiff Sanchez does not identify any individual official. Instead, he names NMDOC and MDC. (Doc. 1-2 at 1). NMDOC is a state agency. As such, the claims against it are claims against

the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, any § 1983 claims against the NMDOC will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

MDC similarly is not a suable entity for purposes of § 1983. As a general rule, "a detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Kristich v. Metropolitan Detention Ctr.,* 2016 WL 5387675 at *2 (D.N.M. 2016). *See, also, Wishneski v. Lea Cty. Det. Ctr.*, 2012 WL 1688890, at *2 (D.N.M. 2012); *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017). Therefore, any § 1983 claims against MDC will also be dismissed.

The only two named Defendants in this case are not "persons" or suable entities under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64; *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190. Therefore, the Complaint fails to state any claim for § 1983 relief and all federal claims will be dismissed. *Ashcroft v. Iqbal,* 556 U.S. at 676. The Court will also deny Defendant MDC's Opposed Motion to Dismiss for failure to state a claim (Doc. 2) as moot in light of the dismissal of all federal claims in this case.

## 4. Plaintiff's State Law Claims Will Be Remanded

Plaintiff Sanchez's Complaint is on a New Mexico court form and states that his lawsuit is brought under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A. (Doc. 1-2 at 1). Sanchez also states that the nature of his action includes state law claims for mental anguish, negligence, punitive damages, monetary, compensatory, intentional infliction of emotional distress, and exemplary damages. (Doc. 1-2 at 1). Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law by federal courts should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014). This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Sanchez's remaining state-law claims. *Osborn v. Haley,* 549 U.S. at 245. Accordingly, the Court hereby remands all remaining claims in this case to state court. 28 U.S.C. § 1447.

**IT IS ORDERED:**

(1) Defendant (M.D.C.) Metro Detention Center's Opposed Motion to Dismiss for failure to state a claim (Doc. 2) is **DENIED** as moot;

(2) All federal civil rights claims under 42 U.S.C. § 1983 and other federal claims, if any, are **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A;

(3) All remaining state law claims asserted by Plaintiff Joshua Sanchez in his Complaint (Tort) (Doc. 1) are **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico and this case is **CLOSED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE